# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LeafFilter North, LLC**<br>1595 Georgetown Road<br>Hudson, Ohio  44236<br><br>          **Plaintiff,**<br><br>          v.<br><br>**All About Gutters, Inc.**<br>4431 North Monroe Avenue<br>Peoria Heights, Illinois  61616<br><br>*-and-*<br><br>**All About Gutters, Incorporated**<br>4431 North Monroe Avenue<br>Peoria Heights, Illinois  61616<br><br>*-and-*<br><br>**Eric T. Kelton,** *Individually And Doing Business As All About Gutters, Inc. and/or All About Gutters, Incorporated*<br>4431 North Monroe Avenue<br>Peoria Heights, Illinois  61616<br><br>*-and-*<br><br>**Becky S. Kelton,** *Individually And Doing Business As All About Gutters, Inc. and/or All About Gutters, Incorporated*<br>4431 North Monroe Avenue<br>Peoria Heights, Illinois  61616<br><br>          **Defendants.** | CASE NO. 5:19-cv-2395<br><br>JUDGE:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

For its complaint against All About Gutters, Inc. and All About Gutters, Incorporated (collectively, "All About Gutters"), and Eric T. and Becky S. Kelton (together, the "Keltons"

- 1 -

and, together with All About Gutters, "Defendants"), Plaintiff LeafFilter North, LLC ("LeafFilter") alleges as follows:

## The Parties

1. LeafFilter is a limited liability company organized and existing under the laws of the State of Ohio with its principal place of business at 1595 Georgetown Road, Hudson, Ohio 44236.

2. On information and belief, All About Gutters was a corporation organized under the laws of the State of Illinois with its principal place of business at 4431 N. Monroe Avenue, Peoria Heights, Illinois 61616.

3. On information and belief, All About Gutters, Inc. was voluntarily dissolved on or about March 5, 2008 and All About Gutters, Incorporated was involuntarily dissolved on or about August 8, 2014.

4. On information and belief, All About Gutters, Inc. and/or All About Gutters, Incorporated continue to operate despite their respective dissolutions.

5. The Keltons are individuals who, on information and belief, reside in the State of Illinois, and operate All About Gutters.

## Jurisdiction And Venue

6. This is an action for copyright infringement arising under the laws of the United States, specifically the Federal Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act"); for federal unfair competition under § 43(a) of the Lanham Act (reverse passing off which is likely to deceive the consuming public as to the affiliation, connection, or association of All About Gutters with LeafFilter); for a violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.02; and for unfair competition under Ohio law.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendants because Defendants do business in this judicial district, because the claims asserted herein arose in this judicial district, because Defendants have purposely directed their activities at Cuyahoga County, Ohio by willfully infringing LeafFilter's intellectual property and purposefully committing the other acts specified below, and because Defendants caused harm that they knew was likely to be suffered within this district.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## Background

10. LeafFilter operates as LeafFilter Gutter Protection, which has grown from one office in Hudson, Ohio to multiple offices across North America. LeafFilter, doing business as LeafFilter Gutter Protection, is one of the largest home improvement companies in the United States and offers the premier gutter cover system on the market.

11. LeafFilter has invested and continues to invest substantial sums of money, as well as time, effort, and creative talent, to create, advertise, promote, and sell its gutter cover system, including by creating, through its in-house employees and with the assistance of a creative services provider at great expense, sophisticated two dimensional artwork, video and text that appears on the www.leaffilter.com website ("LeafFilter's Website").

12. LeafFilter applied for and obtained Certificates of Copyright Registration issued by the Register of Copyrights for certain photographs and artwork that appear on LeafFilter's Website (the "Copyrighted Photographs and Artwork") and for a promotional video (the "Copyrighted Video" and, together with the Copyrighted Photographs and Artwork, the "Copyrighted Works").

13. The Copyrighted Photographs and Artwork were developed by LeafFilter's full-time employees.

14. LeafFilter's copyright registration number for the Copyrighted Photographs and Artwork is VA 002171696.

15. Through a written copyright assignment agreement LeafFilter acquired all right, title and interest in and to the Copyrighted Video from LeafFilter's service provider. Accordingly, LeafFilter is the copyright owner of the Copyrighted Video.

16. LeafFilter's copyright registration number for the Copyrighted Video is PA 002204110.

17. LeafFilter is the owner of exclusive rights under copyright with respect to the Copyrighted Works, including the right to reproduce the Copyrighted Works, display the Copyrighted Works, and prepare derivative works based upon the Copyrighted Works under 17 U.S.C. § 106.

18. LeafFilter also has the exclusive right to sue third parties for infringement of the Copyrighted Works.

19. On information and belief, All About Gutters is a gutter cover company based in Illinois that does business as "LeafProof."

20. On information and belief, the Keltons are individuals who own All About Gutters and are Defendants' alter-egos.

## The Infringements

21. In addition to choosing "LeafProof," a name confusingly similar to LeafFilter's "LeafFilter," Defendant All About Gutters, doing business as "LeafProof," in concert with and at the direction of the Keltons, substantially copied LeafFilter's Website, including, without limitation, the Copyrighted Works, visual artwork, video clips, text, customer testimonials, and

even LeafFilter's patent-protection claims (Defendants have been awarded no patents) and service warranties (service warranties which LeafFilter provides to its customers, not All About Gutters' customers).

22. In short, Defendants brazenly copied LeafFilter's Website in total, including copyrighted works and the website's look and feel, and simply replaced "LeafFilter" in the text with "LeafProof" or "All About Gutters."

23. There is no explanation for the striking similarity between Defendants' website and LeafFilter's Website other than copying.

24. A true and correct sample of LeafFilter's Website is attached hereto as **Exhibit A**.

25. A true and correct sample of Defendants' website is attached hereto as **Exhibit B**.

26. True and correct samples of some of the imagery that Defendants stole from LeafFilter's Website are attached hereto as **Exhibit C**.

27. In addition to stealing copyrighted works, Defendants misappropriated the look and feel of LeafFilter's Website and essentially attempts to pass off LeafFilter's work product as All About Gutters' work product.

28. Neither of the Defendants sought permission and obtained a license from LeafFilter to use LeafFilter's Website or Copyrighted Photographs and Artwork.

29. None of the Defendants sought permission and obtained a license from LeafFilter to use LeafFilter's Copyrighted Video.

30. Despite the fact that Defendants copied LeafFilter's Website in its entirety and merely replaced "LeafFilter" with "All About Gutters" or "LeafProof," Defendant All About Gutters' website incredibly contains the following copyright notice:  "© 2019.  All About Gutters Inc.  All Rights Reserved."

31. Defendants' infringement as set forth herein was willful inasmuch as it is clear that Defendants copied from LeafFilter's Website and LeafFilter's Website at all times contained the following copyright notice: "© 2019.  LeafFilter North, LLC.  All Rights Reserved."

32. Defendants flat-out copied certain customer testimonials from LeafFilter's Website and, incredibly, then fraudulently attempted, and continues to attempt, to deceive the public that these testimonials came from All About Gutters' satisfied customers, when in fact these testimonials have nothing whatsoever to do with the services provided by All About Gutters.

33. LeafFilter's technology is patented.  Defendants, because they copied virtually everything from LeafFilter's Website, also copied the language concerning LeafFilter's patented technology.  Defendants use that language on the All About Gutters' website.  In other words, Defendants currently represent to the consuming public on the All About Gutters' website that All About Gutters' technology is patented, which is absolutely false.

34. Defendants also flat-out copied the service warranties from LeafFilter's Website, service warranties LeafFilter offers its customers.  On information and belief, Defendants do not back up those service warranties, thereby deceiving All About Gutters' customers and the consuming public.

35. The overall combination of materials taken from LeafFilter's Website and the identical look and feel of LeafFilter's Website and Defendant's website creates the appearance that LeafFilter and All About Gutters are affiliated in some manner, which is false.

36. Defendants' above-described actions have been malicious, purposeful, and utterly without regard for LeafFilter's rights.

37. Defendants knowingly and willfully infringed the Copyrighted Works without permission and then falsely took credit for creating the works.

38. On information and belief, the Keltons are the masterminds behind All About Gutters' infringement and serves as All About Gutters' alter-egos.

39. Alternatively, the Keltons are vicariously liable for All About Gutters' infringement as described above because the Keltons had the right and ability to supervise the infringing activity and had an obvious and direct financial interest in the exploitation of the infringing works.

## COUNT I
## Copyright Infringement

40. LeafFilter incorporates by reference all of the facts stated in Paragraphs 1 through 39 of this Complaint as if fully rewritten herein.

41. Through their conduct averred herein, Defendants have infringed LeafFilter's copyrights in the Copyrighted Works by reproducing and publicly displaying the Copyrighted Works without authorization in violation of the Copyright Act.  17 U.S.C. § 106.

42. Each of the Copyrighted Works is registered with the Copyright Office.

43. Each infringement by Defendants constitutes a separate and distinct act of infringement.

44. Defendants' acts of infringement were and are willful, in disregard of and with indifference to the rights of LeafFilter.

45. As a direct and proximate result of the infringements by Defendants, LeafFilter is entitled to damages and Defendants' profits in amounts to be proven at trial.

46. As a direct and proximate result of the foregoing acts and conduct, LeafFilter has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which

there is no adequate remedy at law.  LeafFilter is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe LeafFilter's rights in the Copyrighted Works.  Accordingly, LeafFilter is entitled to preliminary and permanent injunctive relief.

**COUNT II**
**Federal Unfair Competition**

47. LeafFilter incorporates by reference all of the facts stated in Paragraphs 1 through 46 of this Complaint as if fully rewritten herein.

48. Through their conduct averred herein, with respect to portions of Defendant All About Gutters' website that Defendants copied from LeafFilter's Website that are not the Copyrighted Works and/or do not themselves constitute protectable copyrighted works, including, without limitation, the basic look and feel of the All About Gutters' website that Defendants copied from LeafFilter's Website, Defendants are passing off LeafFilter's work product as All About Gutters' work product, which constitutes reverse passing off.  Defendants' reverse passing off is likely to cause confusion or to cause mistake or to deceive (a) as to the affiliation, connection, or association of All About Gutters with LeafFilter or with LeafFilter, or (b) as to the origin, sponsorship, or approval of All About Gutters' LeafProof services by LeafFilter or LeafFilter, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

49. On information and belief, Defendants' reverse passing off has been willful and either has deceived, or is likely to deceive, a portion of the intended audience for LeafFilter's LeafFilter services.

50. Defendants' reverse passing off is material in that it is likely to influence purchasing decisions.

51. LeafFilter has been and will continue to be injured as a result of the foregoing acts by declining sales for genuine LeafFilter services and a lessening of the goodwill that the LeafFilter brand and LeafFilter's Website has with the buying public.

52. Defendants, by their aforesaid acts, have damaged LeafFilter and unlawfully derived profits and gains therefrom.

53. By reason of the aforesaid unlawful reverse passing off, Defendants have caused and will continue to cause substantial and irreparable harm to LeafFilter and to the public for which there is no adequate remedy at law. Defendants have unjustifiably benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT III
## Violation of the Ohio Deceptive Trade Practices Act

54. LeafFilter incorporates by reference all of the facts stated in Paragraphs 1 through 53 of this Complaint as if fully rewritten herein.

55. Defendants' activities constitute unfair or deceptive trade practices or acts within the meaning of the Ohio Deceptive Trade Practices Act, codified at Ohio Revised Code § 4165.02.

56. LeafFilter has been injured as a result of Defendants' unlawful and unauthorized deceptive trade practices by lessening of the goodwill that LeafFilter's services have with the buying public.

57. As a result of Defendants' unlawful and unauthorized deceptive trade practices, Defendants have caused and will continue to cause substantial and irreparable harm to LeafFilter and to the public for which there is no adequate remedy at law. Defendants have unjustifiably

benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## COUNT IV
### Unfair Competition Under Ohio Law

58.     LeafFilter incorporates by reference all of the facts stated in Paragraphs 1 through 58 of this Complaint as if fully rewritten herein.

59.     The aforesaid conduct of Defendants constitutes unfair competition under the common law of the State of Ohio.

60.     Defendants' acts of unfair competition have been willful.

61.     LeafFilter has been injured as a result of the foregoing acts by causing LeafFilter to lose sales or by lessening of the goodwill that LeafFilter's services enjoy with the buying public.

62.     As a result of Defendants' acts of unfair competition, Defendants have caused and will continue to cause substantial and irreparable harm to LeafFilter and to the public for which there is no adequate remedy at law.  Defendants have unjustifiably benefited from said unlawful acts and will continue to carry out such unlawful conduct and be unjustly enriched unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, LeafFilter prays that this Court enter judgment in its favor as follows:

(a)     That Defendants be adjudged to have infringed LeafFilter's federal copyright in the Copyrighted Photographs and Artwork;

(b)     That Defendants be adjudged to have committed this copyright infringement willfully;

(c)     That Defendants be adjudged to have infringed LeafFilter's federal copyright in the Copyrighted Video;

(d)  That Defendants be adjudged to have committed this copyright infirngement willfully;

(e)  That, pursuant to 17 U.S.C. § 504(b), the Court award LeafFilter its damages and Defendants' profits in such amount as may be found as a result of Defendants' copyright infringement;

(f)  That, pursuant to 17 U.S.C. § 502, the Court permanently enjoin Defendants, their agents, employees, attorneys and all persons in active concert or participation with them, from directly or indirectly reproducing, adapting, distributing, publicly displyaing or performing, or otherwise infringing in any manner any of LeafFilter's copyrights (whether now in existence or hereafter created), including, without limitation, the Copyrighted Photographs and Artwork and the Copyrighted Video;

(g)  That Defendants be adjudged to have committed reverse passing off in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A);

(h)  That Defendants be adjudged to have committed deceptive trade practices under Sections 1, 2 and 3 of Ohio Rev. Code Ann. § 4165.02 and to have committed these deceptive trade practices willfully and with knowledge that they would be deceptive;

(i)  That Defendants be adjudged to have engaged in unfair competition under Ohio law;

(j)  That the Court award LeafFilter its attorneys' fees by virtue of Defendants' willful engagement in a deceptive trade practice listed in Ohio Rev. Code Ann. § 4165.03(B) knowing it to be deceptive; and

(k)  That the Court grant such other and further relief as is just and proper.

Dated:  October 15, 2019	Respectfully submitted,

                                                **BENESCH, FRIEDLANDER,**
                                                   **COPLAN & ARONOFF LLP**

                                              */s/ Mark E. Avsec*
                                              Mark E. Avsec (Ohio Bar No. 0064472)
                                              Andrew G. Fiorella (Ohio Bar No. 0077005)
                                              200 Public Square, Suite 2300
                                              Cleveland, Ohio  44114-2378
                                              Telephone:     (216) 363-4600
                                              Facsimile:     (216) 363-4588
                                              mavsec@beneschlaw.com
                                              afiorella@beneschlaw.com

                                              *Attorneys for Plaintiff*
                                              *LeafFilter North, LLC*

## **JURY DEMAND**

Plaintiff LeafFilter North, LLC demands a jury trial pursuant to Fed. R. Civ. P. 38 as to all issues so triable in this action.

        */s/ Mark E. Avsec*
Mark E. Avsec (Ohio Bar No. 0064472)
200 Public Square, Suite 2300
Cleveland, Ohio  44114-2378
Telephone:     (216) 363-4600
Facsimile:     (216) 363-4588
mavsec@beneschlaw.com

*One of the Attorneys for Plaintiff
LeafFilter North, LLC*